Circuit Court of Cuyahoga County.

### A. T. OSBORN AND F. L. FELCH v. THE AMHERST BANK COMPANY.

Decided, December 4, 1911.

*Promissory Note—Joint and Several Endorsers—Joint Maker—Several Judgment.*

A several judgment may be had against one who is a joint and several endorser but only a joint maker of a promissory note, leaving the action to proceed against the other makers of the note.

*George A. Groot*, for plaintiff in error.
*Myers & Green*, contra.

MARVIN, **J.**; WINCH, J., and HENRY, J., concur.

Error of the court of common pleas.

A petition was filed by the Amherst Bank Company against S. W. Parsons and W. S. Snyder, doing business as Parsons, Snyder & Company, F. Carpenter, A. T. Osborn and F. L. Felch. The cause was upon a promissory note, which reads:

"$2000.00.                    CLEVELAND, OHIO, Jan. 27, 1908.

"Three months after date, the undersigned promise to pay to the order of Parsons, Snyder & Company of Cleveland, Ohio, the sum of Two Thousand no-100 Dollars at the office of said firm with interest at the rate of 6%.

"The undersigned have deposited with said Parsons, Snyder & Company, as collateral security for the payment of this obligation the following property, viz., twenty-five thousand shares of the capital stock of the Cross Lake Syndicate; and hereby agree that upon default in the payment of this note said Parsons, Snyder & Company shall have full power and authority to sell, assign and deliver the whole of said securities or any part

thereof, without either advertisement or notice, the same being expressly waived.

(Signed.)   "S. W. PARSONS.
            "F. CARPENTER.
            "A. T. OSBORN.
            "F. L. FELCH."

"Endorsements.
"Interest paid to April 27, 1908.
"Pay to the Amherst Bank Company.
            "PARSONS, SNYDER & COMPANY."

The allegation is further made in the petition that payment of said note was duly demanded of said S. W. Parsons, F. Carpenter, A. T. Osborn and F. L. Felch at maturity, but the same was not paid, of all of which the said S. W. Parsons and W. S. Snyder, doing business as Parsons, Snyder & Company, had due notice.

The transcript shows that summons in the action was served upon F. L. Felch, A. T. Osborn, W. S. Snyder and S. W. Parsons; that no service was made upon the defendant F. Carpenter, he not being found in the county by the sheriff.

This suit was begun on the 27th of March, 1909. After service upon the parties already named as having been served with summons, and at a time thereafter beyond the time for filing answers by the defendants, to-wit, on the 26th day of April, 1909, the entry is:

"To Court: The plaintiff comes, but the defendant S. W. Parsons is in default of answer or demurrer, although duly served with process, and the allegations of the petition are thereby confessed by him to be true; on consideration thereof the court finds that there is due to the plaintiff from the defendant, S. W. Parsons, as damages, the sum of two thousand one hundred and twelve dollars ($2,112). It is therefore considered that said plaintiff recover of said defendant, S. W. Parsons, its said damages and also its costs of this suit."

Answers were filed by the other defendants, and thereafter the case was tried as against the other defendants who had been served with process, and at the conclusion of the evidence, the court directed the jury to find for the plaintiff, and assess its damages by reason of the premises at $2,351.70, against the d'

fendants A. T. Osborn and F. L. Felch, to which direction of the court the said A. T. Osborn and F. L. Felch except.

It is to reverse this judgment of the court of common pleas that this proceeding is brought, the contention being that the plaintiff having taken judgment against Parsons on default, the case as against the other defendants could not be maintained; and attention is called to Section 11584 of the General Code, which reads:

"In an action against several defendants. the court may render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment is proper."

It is said that this note, reading as it does, was a joint note, and that therefore a several judgment could not have been rendered against one of them without relieving all; that the plaintiff having elected to take the several judgments against Parsons was thereby estopped from proceeding with the case against the other defendants.

A discussion was had at the hearing of this case as to whether the note sued upon was a joint note or a several note as against each of the makers. The language of the note, it will be observed, is peculiar. It is neither "We promise to pay," nor "We and each of us promise to pay," nor "We or either of us promise to pay"; but only, "The undersigned promise to pay."

We do not deem it necessary, in determining this case, to decide the question of whether this note is one such as that a several judgment could have been rendered against any one of these parties as makers. It was shown that the defendants S. W. Parsons and W. S. Snyder were partners at the time this note was given, under the partnership name of Parsons, Snyder & Company; so that this indorsement by Parsons, Snyder & Company was an indorsement both by Parsons and by Snyder.

Section 8173 of the General Code provides:

"As respects one another, indorsers are liable *prima facie* in the order in which they indorse; but evidence is admissible to show that as between or among themselves they have agreed otherwise. Joint payees or joint indorsers who indorse are deemed to indorse jointly and severally."

This being so, the case as against Parsons as indorser certainly authorized a several judgment against him, and it is unnecessary to determine whether as maker a several judgment could have been rendered against him. Since a several judgment could have been rendered against him as an indorser, the rendering of such several judgment against him did not take away from the plaintiff the right to proceed against the other defendants as though this several judgment had not been taken.

We reach the conclusion, therefore, that the judgment of the court below should be affirmed, which is accordingly done.